IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20606
_____


CONFERENCE CONSULTANTS, INCORPORATED,

Plaintiff-Appellee,

versus

CSX HOTELS, INCORPORATED, doing business
as The Greenbrier,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas, Houston
(H-95-CV-5842)
_____
December 29, 1998

Before JOLLY and JONES, Circuit Judges, and LAKE,[*] District Judge.

PER CURIAM:[**]


CSX Hotels, Inc. d/b/a The Greenbrier, appeals a judgment in favor of Conference Consultants, Inc. ("CCI"), on CCI's claim for breach of an oral commissions agreement. For essentially the reasons stated by the district court, we affirm.

Applying the full performance doctrine as an exception to the Texas statute of frauds, the district court held that CCI had fully performed the oral commissions agreement when it presented the

_____

[*]District Judge of the Southern District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prospect of booking the 1995 Tyson meeting to The Greenbrier and therefore CCI had earned its ten percent commission. The district court awarded CCI $38,601.00 in compensatory damages plus prejudgment interest, $24,670.16 in attorney's fees, and $2,647.28 in costs.

The Greenbrier's initial argument on appeal is that the district court erred in its application of the full performance doctrine. Relying on McCauley v. Drum Service Co., Inc., 772 S.W.2d 135 (Tex. App.–Houston 1989, writ denied), The Greenbrier argues that CCI had no performance obligation under the contract because CCI presented the 1995 Tyson meeting before the commissions agreement was made. The Greenbrier further argues that it did not partially perform under the agreement because it never paid CCI the ten percent commission. Therefore, The Greenbrier concludes that the statue of frauds bars enforcement of the oral contract. The Greenbrier's final argument is that the district court erred in awarding attorney's fees to CCI in excess of its contingency fee arrangement.

Whether a contract is within the statute of frauds is a question of law that we review de novo. Pruitt v. Levi Strauss & Co., 932 F.2d 458, 463 (5th Cir. 1991), abrogated on other grounds by, Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc., 55 F.3d 181 (5th Cir. 1995). However, we review an award of attorney's fees for abuse of discretion. Forbush v. J.C. Penny Co., 98 F.3d 817, 822 (5th Cir. 1996).

After a careful study of the record and the briefs, and with the benefit of the parties' oral argument, we are left with the definite and firm conclusion that the district court did not err in applying the full performance doctrine to enforce the oral commissions agreement.

As a general premise, Texas recognizes the full performance doctrine as an exception to the statute of frauds. Application of the full performance doctrine requires: (1) full performance by one party; (2) part performance by the other party; with (3) a knowing acceptance of the benefits. Enochs v. Brown, 872 S.W.2d 312, 319 (Tex. App.--Austin 1994, no writ). We agree with the district court that CCI fully performed its obligations under the oral commissions agreement when it presented the 1995 Tyson meeting to The Greenbrier. Although the district court made no explicit finding that The Greenbrier knowingly accepted the benefits of CCI's performance, and then partially performed by booking the Tyson meeting and earning room revenues on the event, such a finding is implicit and sufficiently supported by overwhelming evidence in the record. Therefore, we find that the remaining two requirements of the full performance doctrine have been conclusively established. Century Marine, Inc. v. U.S., 153 F.3d 225, 231 (5th Cir. 1998) (reviewing court may assume factual finding supported by the evidence).

Accordingly, we reject The Greenbrier's part performance argument. Considering the nature of the parties' agreement, actual

3

payment of the commission would have been full performance. Further, in the light of the terms of the oral agreement, buttressed by the parties' course of dealings--three previous commissions agreements with terms identical to the instant contract--we find The Greenbrier's McCauley argument wholly unpersuasive. As the record makes clear, CCI's duty to provide the Tyson lead to The Greenbrier was a term of the parties' agreement and therefore CCI's performance did not predate the contract.

Second, because the district court calculated the attorney's fees using the loadstar method and then adjusted the award applying a reasonableness criteria under Texas law quite similar to the federal standards recently articulated in Forbush, 98 F.3d at 823-24, we conclude that under either state or federal standards, the award does not constitute an abuse of discretion. We add that the award is not unreasonable simply because it exceeds CCI's contingency fee agreement. A contingency agreement does not impose an automatic ceiling on an award of attorney's fees, nor is a district court bound by its terms. Blanchard v. Bergeron, 489 U.S. 87, 93 (1989); Forbush, 98 F.3d at 822. The ultimate issue is the reasonableness of the award and a preexisting fee arrangement only assists in this determination. See Id.; Arthur Anderson v. Perry Equipment Co., 945 S.W.2d 812, 819 (Tex. 1997) (contingency fee arrangement cannot alone support and award of attorney's fees).

In sum, we find it unnecessary to write further on this appeal. Through its extensive factual findings and cogent legal

4

analysis, the district court properly applied the full performance doctrine and reasonably calculated the award of attorney's fees. The judgment of the district court is therefore, in all respects,

A F F I R M E D.